IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ANDRE R. THOMAS,                    :
                                    :
          Petitioner,               :
                                    :
     v.                             :   Civ. Act. No. 04-159-JJF
                                    :
THOMAS L. CARROLL, Warden,          :
                                    :
          Respondent.               :

O R D E R

At Wilmington this ⁷ day of September, 2005;

IT IS ORDERED that:

Petitioner Andre R. Thomas' Motions For The Appointment Of Counsel are DENIED without prejudice to renew. (D.I. 13; D.I. 15.)

Petitioner, a pro se litigant, has no automatic constitutional or statutory right to representation in this federal habeas proceeding. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); United States v. Roberson, 194 F.3d 408, 415 n.5 (3d Cir. 1999). However, the Court may seek representation by counsel for Petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in

a complex but arguably meritorious case." <u>Tabron v. Grace</u>, 6 F.3d 147, 154 (3d Cir. 1993)(citing <u>Smith-Bey v. Petsock</u>, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A(a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

Here, Petitioner seeks representation by counsel because "there are some interesting legal issues." (D.I. 13; D.I. 15.) This brief statement, however, fails to demonstrate that the "interests of justice" warrant representation by counsel at this time.[1] Petitioner's filings in this Court indicate his ability to present his case. <u>Parham v. Johnson</u>, 126 F.3d 454, 460 (3d Cir. 1997)(citations omitted). It also does not appear that expert testimony will be necessary or that the ultimate resolution of the Petition will depend upon credibility determinations.

/s/ Joseph J. Farnan<br>
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Petitioner has included a copy of a letter from the Public Defender's Office that uses the same phrase that the "case presents an interesting legal issue." (D.I. 13; D.I. 15.)